UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>**MIX, Dean B.,**<br><br>Debtor(s). | Case No. 17-14716<br><br>CHAPTER 13 PLAN<br><br>___ Original  _X_ SECOND Amended<br><br>DATED: <u>March 14, 2018</u> |
|---|---|

**I.   Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:**
   A. Does this plan contain any nonstandard provisions (check one)?
   _X_ Yes
   ___ No
   B. Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
   ___ Yes
   _X_ No
   C. Does this plan avoid a security interest or lien (check one)?
   ___ Yes
   _X_ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.   Means Test Result and Plan Duration:**
The Debtor is (check one):
   ___ a below median income debtor with a 36 month applicable commitment period.
   _X_ an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**III.   Plan Payments to the Trustee:**
No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
   A. AMOUNT: $<u>3,250.00</u>
   B. FREQUENCY (check one):
   ___ Monthly
   _X_ Twice per month
   ___ Every two weeks
   ___ Weekly
   C. TAX REFUNDS: The Debtor (check one):
   ___ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
   _X_ does not commit all tax refunds to funding the plan.
   If no selection is made, tax refunds are committed.
   D. PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
   E. OTHER: <u>Debtor shall make an additional once-per-year payment of at least $20,000.00 by Nov. 30th.</u>

**IV. Distribution of Plan Payments by the Trustee:**

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:
1. <u>Trustee</u>: The percentage set pursuant to 28 U.S.C. § 586(e).
2. <u>Other administrative expenses</u>: As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).
3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $<u>5,500.00</u>. $<u>2,599.00</u> was paid prior to filing.

Approved attorney compensation shall be paid as follows (check one):
\_\_\_\_ Prior to all creditors.
\_\_\_\_ Monthly payments of $_____.
\_\_\_\_ All remaining funds available after designated monthly payments to the following creditors:_____.
\_X\_ Other: <u>See paragraph X.2</u>                                                                 .

If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Monthly Amount** |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. Unless ranked otherwise, payments to secured creditors will be disbursed at the same level. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding. If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| **Rank** | **Monthly Payment** | **Creditor** | **Collateral** |
|---|---|---|---|
| 2 | $2,708.05 | Ditech | Residence |
| 2 | $   70.00 | Audubon Park HOA | Residence |
| \_\_\_\_\_ | $_____ | _____ | _____ |
| \_\_\_\_\_ | $_____ | _____ | _____ |

Cure Payments:
**Monthly**                                                                                                    **Arrears to be**      **Interest**

[Local Bankruptcy Form 13-4, eff. 12/17]        2

| Rank | Payment | Creditor | Collateral | Cured | Rate |
|---|---|---|---|---|---|
| 4 | $1,175.00* | Ditech | Residence | $ 60,698.55 | 0 % |
| 3 | $ 65.00* | Audubon Park HOA | Residence | $ 2,346.00 | 12% |
| | \* See paragraph X.3 for additional terms re: periodic payments. | | | | |
| 5 | $ 350.00** | USA – IRS Secured | Residence | $100,711.15 | 4.0% |
| | \*\* See paragraph X.3 & 4 for additional terms re: periodic payments. | | | | |
| ___ | $_____ | _____ | _____ | $_____ | ___% |

2. Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence:

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
| ___ | $_____ | _____ | _____ | ___% |
| ___ | $_____ | _____ | _____ | ___% |
| ___ | $_____ | _____ | _____ | ___% |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |

3. Payments on Claims Secured by Personal Property:

   a. 910 Collateral:

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| 1 | $215.00 | Wells Fargo | '05 Jeep Grand Cherokee | $150.00 | 4.25% |
| | → See paragraph X.3 below re: equal periodic payments | | | | |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |

   b. Non-910 Collateral:

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| 1 | $330.00 | Flagship Credit | $16,890.00 | '13 Ford Edge | $220.00 | 4.25% |
| 1 | $180.00 | CPS | $ 8,975.00 | '12 Hyundai Sonata | $100.00 | 4.25% |
| | → See paragraph X.3 below re: equal periodic payments | | | | | |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

E.  NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.  The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):
  **X**  100%
  ____ At least $ _____.

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|------|----------|-----------------|-----------------------|-----------------------------------|
| ____ | _____ | $_____ | _____% | _____ |
| ____ | _____ | $_____ | _____% | _____ |

**V.  Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

   A.  DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|----------|------------------------------------|---------------------------|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

   B.  OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|----------|----------------|-----------------|-----------------|
| Chase Mortgage | 2nd Mortgage | $208,838.00 | $550.00 |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**VI.  Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|----------|----------------------------|

**VII.  Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan.  Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C § 365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| Contract/Lease | Assumed or Rejected |
|----------------|---------------------|

**VIII.  Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a).  Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation.

However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

**IX.    Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):**
The liquidation value of the estate is $  -0-  . To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of  -0- % per annum from the petition date (no interest shall be paid if left blank).

**X.    Nonstandard Provisions:**
All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

1. Any refund to Debtor upon dismissal or discharge shall be disbursed through Debtor's counsel.
2. After payments to vehicles and post-confirmation, on-going payments to the HOA and 1st mortgage, but before arrears and all other claims.
3. After payment of administrative claims, Trustee shall pay at least the amounts set forth above in IV.C monthly, and all other available funds as follows:
   i.   To the vehicle creditors up to the contract monthly payments until they are paid in full through the plan. Vehicle creditors shall be paid in full prior to discharge.
   ii.  To the HOA arrears;
   iii. To the mortgage arrears;
   iv.  To the secured IRS claim until it is paid in full;
   v.   To other priority claims, including the United States' (IRS) claim.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

| /s/ Travis A. Gagnier | /s/ Dean Braxton Mix | March 14, 2018 |
|---|---|---|
| Travis A. Gagnier #26379 | DEBTOR | Date |
| Attorney for Debtor(s) | | |

| March 14, 2018 | | |
|---|---|---|
| Date | DEBTOR | Date |

**PROOF OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that I filed the original of the foregoing with the United States Bankruptcy Court at Seattle and served a true copy thereof to:

| | | |
|---|---|---|
| Judge Timothy W. Dore | K. Michael Fitzgerald | IRS |
| U.S. Bankruptcy Court | Chapter 13 Trustee | c/o Kristin B. Johnson, Attorney |

U.S. Trustee

via ECF, and to:

  Debtor          All Creditors on the attached mailing matrix.

| | | |
|---|---|---|
| IRS | Jeff Sessions | United State Attorney |
| PO Box 7346 | US Attorney General | c/o Civil Process clerk |
| Philadelphia, PA 19101-7317 | 950 Pennsylvania Ave NW | 700 Stewart St, Ste 5220 |
| | Washington DC 20530-0001 | Seattle, WA 98101 |

IRS
915 2nd Ave
Seattle, WA 98174

via U.S. first-class mail, postage pre-paid, on the 14th day of March 2018.

                                              /s/ Jennifer Roberts
                                              Jennifer Roberts
                                              Sr. Paralegal

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-2<br>Case 17-14716-TWD<br>Western District of Washington<br>Seattle<br>Wed Mar 14 14:29:23 PDT 2018 | Audit And Adjustment<br>20700 44th Ave West, Suite 100<br>Lynnwood WA 98036-7752 | Audubon Park Community<br>c/o Yates, Wood & MacDonald<br>425 Pontius Ave N, Ste 203<br>Seattle WA 98109-5450 |
| Audubon Park Community Organization<br>c/o Pody & McDonald, PLLC<br>1200 Fifth Avenue, Suite 1410<br>Seattle, WA 98101-3106 | CONSUMER PORTFOLIO SERVICES, INC.<br>PO BOX 57071<br>IRVINE, CA 92619 - 7071 | CarFinance Capital<br>P.O. Box 3807<br>Coppell, TX 75019-4354 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Chase Mtg<br>Po Box 24696<br>Columbus OH 43224-0696 | Citimortgage Inc<br>Attn: Bankruptcy<br>Po Box 6423<br>Sioux Falls SD 57117 |
| Clear Recon Corp<br>9311 SE 36th St, Ste 100<br>Mercer Island WA 98040-3700 | Consumer Portfolio Svc<br>Attn: Bankruptcy<br>19500 Jamboree Rd<br>Irvine CA 92612-2411 | Convergent Outsoucing, Inc<br>Po Box 9004<br>Renton WA 98057-9004 |
| Ditech<br>Attn: Bankruptcy<br>Po Box 6172<br>Rapid City SD 57709-6172 | Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 | K Michael Fitzgerald<br>600 University St #1300<br>Seattle, WA 98101-4102 |
| Flagship Credit Acceptance<br>Po Box 965<br>Chadds Ford PA 19317-0643 | Travis A. Gagnier<br>Law Offices of Travis Gagnier, Inc., PS<br>33507 9th Ave S Bldg F<br>PO Box 3949<br>Federal Way, WA 98063-3949 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERTAT<br>PO BOX 7346<br>Philadelphia PA 19101-7346 |
| JPMorgan Chase Bank National Association<br>Chase Records Center Attn:<br>Correspondence Mail Code LA4-5555<br>700 Kansas Lane<br>Monroe LA 71203-4774 | Jennifer Mix<br>23017 SE 27th Way<br>Sammamish WA 98075-8402 | Kristin B. Johnson<br>700 Stewart St Ste 5220<br>Seattle, WA 98101-4438 |
| KING COUNTY TREASURY<br>500 FOURTH AVE  ROOM 600<br>SEATTLE WA 98104-2387 | Lesley Lueke<br>Aldridge Pite LLP<br>4375 Jutland Dr<br>San Diego, CA 92117-3600 | Patrick M. McDonald<br>Pody & McDonald, PLLC<br>1200 5th Ave Ste 1410<br>Seattle, WA 98101-3106 |
| Merchants Credit<br>2245 152nd Ave Ne<br>Redmond WA 98052-5519 | Dean Braxton Mix<br>23017 SE 27th Way<br>Sammamish, WA 98075-8402 | OVERLAKE MEDICAL CENTER<br>1035 116TH AVE NE<br>BELLEVUE WA 98004-4687 |
| PROLIANCE HIGHLANDS SURGERY<br>510 8TH AVE NE #100<br>Issaquah WA 98029-5436 | Regional Acceptance Co<br>6400 Fort Dent Wayrd Ste<br>Tukwila WA 98188 | T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>PO Box 248848<br>Oklahoma City, OK  73124-8848 |

| | | |
|---|---|---|
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 | Wells Fargo Bank N.A., dba Wells Fargo Deale<br>PO Box 19657<br>Irvine, CA 92623-9657 |
| Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>Po Box 19657<br>Irvine CA 92623-9657 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

T-MOBILE
P.O. BOX 742596
CINCINNATI OH 45274-2596

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Courtesy NEF | (d)K Michael Fitzgerald<br>600 University St #1300<br>Seattle, WA 98101-4102 | (u)United States of America |

End of Label Matrix
Mailable recipients    33
Bypassed recipients     3
Total                  36